E-FILED
Monday, 18 May, 2026  11:16:59 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOHN WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04203-MMM |
| | ) | |
| HILL CORRECTIONAL CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, in prison at Lawrence Correctional Center, formerly incarcerated at Hill Correctional Center, seeks to assert claims in this Court.

Plaintiff's Motion for Leave to Amend (Doc. 7) is granted. Clerk to docket same. Motion for Leave to Amend (Doc. 4) is moot. Motion for Order (Doc. 12) is moot.

I.      **REQUEST FOR COUNSEL**

Plaintiff's Motion to Request Counsel (Doc. 14) is before the Court.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007). At the second step the Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, and litigation experience, plus the plaintiff's

intellectual capacity and psychological history (if information on those topics is before the court). *Id.*

Plaintiff has not demonstrated a reasonable search for counsel (or that he has been prevented from making the attempt). Plaintiff is concurrently pursuing litigation in several cases in the Southern District of Illinois and has previously engaged in litigation in the District of Maryland. Nothing Plaintiff has provided indicates that he has requested the assistance of an attorney specific to this lawsuit. To make this showing, Plaintiff should attach to any future motion copies of letters sent to attorneys that clearly identify this lawsuit and the claims Plaintiff is pursuing in this lawsuit.

Based on a review of the dockets in his various lawsuits, it appears, for example, that Plaintiff attempts to rely on a single communication with a former attorney as a basis to establish a reasonable attempt to secure counsel in all his pending suits. It would be the rare attorney indeed who would agree to wholesale representation of a party in any and all legal disputes based on a single communication.

Plaintiff's motion to request counsel is denied. He may renew it once he has made a reasonable effort to find an attorney for this specific lawsuit.

## II.    MERIT REVIEW

<u>Standard</u>

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

<u>Defendants</u>

Plaintiff names as Defendants NP Kasey Kramer, Hill Medical, Health Care Unit Administrator Nellie Boone, ADA Coordinator Ms. Hill, Boswell Pharmacy Services LLC, Mental Health, Internal Affairs Unit, Kassidy Timmons, Warden Tyrone Baker, Director Latoya Hughes, Correctional Officers Jacobs and Franklin, and Lieutenant Cox.

<u>Allegations</u>

Plaintiff alleges several categories of events.

One set of allegations broadly asserts that he was transferred to Hill from Menard for retaliatory purposes. These allegations are nonspecific and do not belong in this District, but rather, would be properly brought in the Southern District of Illinois, where Menard is located.

Another relates to his initial assessment and care received upon admission to Hill Correctional Center on August 25, 2025, and through September 3, 2025, when he was reassessed. This claim is nonspecific as to individuals alleged to be involved.

Another relates to an interaction with NP Kramer in October 2025, regarding use of a wheelchair and care for a nonspecific heart condition.

Another set of allegations relates to Plaintiff's cell placement and a potential failure to protect incident, also in fall 2025.

Plaintiff interweaves additional allegations of issues related to his mental health treatment and homicidal ideations.

<u>Analysis</u>

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences …." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Plaintiff is squarely implicated by the above rulings.

He has filed several lawsuits in the District of Maryland where he was previously imprisoned. *Wagner v. Iames et al.*, 1:16-cv-00098-ELH (D. MD); *Wagner v. Beachy et al.*, 1:14-cv-00791-ELH (D. MD). He has also filed several lawsuits in the Southern District of Illinois. *Wagner v. Comparin*, 3:25-cv-00717-SMY (S.D. Ill.); *Wagner v. Choate*, 3:26-cv-00238-SMY (S.D. Ill.). On reviewing the pleadings in these cases, the Court sees similarities to this case, where a variety of factual situations are included in one lawsuit, inviting the Court to comb through, organize, and manage Plaintiff's unrelated claims.

The Court declines to do so here. Plaintiff tries to combine a variety of unrelated complaints in one lawsuit. The complaint is dismissed for misjoinder of claims. *Mitchell*, 895 F.3d at 503. Plaintiff is allowed 28 days to file an amended complaint. He must choose what claim or properly joined claims he wants to pursue in this lawsuit. He may file a separate lawsuit to pursue separate and unrelated incidents if he desires. Most strikingly, Plaintiff's failure to protect claims and Plaintiff's medical care claims are entirely distinct and do not belong in the same case. Likewise Plaintiff's mental health care claims are not logically part of either the medical care or the failure to protect

claims. There is no statute of limitations issue here as the earliest events here occurred in August 2025, well within the two-year statute of limitations.

### III. INJUNCTIVE RELIEF

Plaintiff's Motion for Preliminary Injunction (Doc. 5) and Motion for Emergency Preliminary Injunction (Doc. 10) are before the Court. They latter appears to be a photocopy of the former.

Plaintiff seeks an order from the Court requiring specific treatment for his chronic musculoskeletal and nervous system conditions.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry,* 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.,* 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction, in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly

Page **6** of **8**

drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (cleaned up)).

Plaintiff's allegations of insufficient medical care may or may not have some possibility of success on the merits. Indeed, at this point, it is unclear if Plaintiff intends to pursue that claim within this lawsuit or intends to pursue other unrelated claims, all as discussed above. Even assuming some possibility of success on the merits, based on Plaintiff's allegations, IDOC is aware of and is taking certain measures to treat Plaintiff. Balancing the harms to each party, and given the limitations of the Prison Litigation Reform Act on the appropriateness of injunctive relief, entry of an injunction is inappropriate on the scant record before the Court here.

And Plaintiff is no longer in prison at Hill. He is now in prison at Lawrence Correctional Center in the Southern District of Illinois. As such his request for injunctive relief in this District is moot. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) ("[The plaintiff's] prayers for injunctive relief are moot because he is no longer an inmate at [the facility] . . . [and] has not shown a realistic possibility that he will again be incarcerated in the same state facility ….").

IT IS THEREFORE ORDERED:

1.  **Plaintiff's Motion for Leave to Amend [4] is MOOT. Plaintiff's Motion for Leave to Amend [7] is GRANTED and the Clerk is to docket amended complaint. Plaintiff's Motion for Order [12] is MOOT. Plaintiff's Motions for Preliminary Injunction [5], [10] are DENIED. Motion to Request Counsel [14] is DENIED.**

2.  **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Amended Complaint is DISMISSED for misjoinder of claims. Plaintiff allowed 28 days to file amended complaint in compliance with the joinder rules. If Plaintiff does not replead, or if his proposed amended pleading does not correct the joinder issues, this action will be dismissed.**

Entered this 18th day of May, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
